IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHN HARRY STEELE, #284155,   *
                              *
        Plaintiff,            *
                              *
vs.                           *   CIVIL ACTION NO. 20-00563-JB-B
                              *
KAYLA COONER, CLERK OF COURT  *
OF BIBB COUNTY, ALABAMA,      *
                              *
        Defendant.

## REPORT AND RECOMMENDATION

Plaintiff John Harry Steele, an inmate at Bibb County Correctional Facility in Brent, Alabama, filed this action under 42 U.S.C. § 1983.[1] Upon review of this action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), it is recommended that this action be transferred to the United States District Court for the Northern District of Alabama.

In his complaint, Plaintiff alleges that he is incarcerated at the Bibb County Correctional Facility, which is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Plaintiff lists Kayla Cooner, Clerk of Court for the Circuit Court of Bibb County, Alabama, as the

---

[1] Plaintiff also filed a Motion to Proceed Without Prepayment of Fees. (Doc. 2). No ruling is being entered on this motion by the Court.

sole Defendant.  The claims in Plaintiff's complaint relate to Defendant Cooner's alleged failure to provide him information regarding the status of a habeas petition that he filed in July 2020 in the Bibb County Circuit Court.  Plaintiff contends that he has requested information regarding his habeas action on at least two separate occasions, but has yet to receive a response from Defendant Cooner.  (Doc. 1 at 3).

As stated, Plaintiff is confined in the Bibb County Correctional Facility, which is located in the Northern District of Alabama, and he has filed a § 1983 action against the Clerk of Court for the Circuit Court of Bibb County, Alabama, which is located in the Northern District of Alabama.  There is nothing in Plaintiff's complaint that demonstrates any connection to the Southern District of Alabama.

A section § 1983 action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(2011); see New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action).  When venue is not proper in the district of filing, a district court may transfer the action, in the interest of justice, to any other district or division where the action might have been brought.  28 U.S.C. § 1406(a)(1996); see Kapordelis v. Danzig, 387 Fed. Appx. 905, 906-07 (11th Cir. 2010) (unpublished)(affirming the *sua sponte* transfer, pursuant to § 1406(a), of a Bivens action from New York to Georgia).

In the present action, the events giving rise to Plaintiff's claims are alleged to have occurred in Bibb County, Alabama, which is located in the Northern District of Alabama, and Plaintiff is incarcerated in Bibb County, Alabama.  Thus, Plaintiff's action appears to have no connection to this district.  Venue is therefore lacking and appears to be proper in the Northern District. Considering Plaintiff's *pro se* status, it is recommended, in the interest of justice, that Plaintiff's action be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406(a).  See Mims v. Corizon, LLC, 2019 U.S. Dist. LEXIS 218008, *3, 2019 WL 6999854, *1 (M.D. Ala. Dec. 19, 2019)(transferring case from the Middle District of Alabama to the United States District Court for the Northern District of

Alabama where Plaintiff complained about actions that occurred at the Bibb County Correctional Facility.).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination

4

is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **1st** day of **December, 2020.**

_____
**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**